**B104 (FORM 104) (08/07)**                                                            **EDVA**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Fletcher L. Perry<br>Jacqueline R. Perry | **DEFENDANTS**<br>Citifinancial, Inc.<br>Ryan Seveke and S. Ellis, Trustees Under Deed of Trust |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Pia J. North, Esq., North & Associates, P.C., 5913 Harbour Park Drive, Midlothian, VA  23112<br>(804) 739-3700 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor     ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor     ☐ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>Strip an unsecured lien under 11 U.S.C. 506 ||

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☑ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought ||

B104 (FORM 104) (08/07), Page 2

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Fletcher L. Perry & Jacqueline R. Perry | BANKRUPTCY CASE NO.<br>12-32997 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District | DIVISION OFFICE<br>Richmond | NAME OF JUDGE<br>Douglas O. Tice Jr. | |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/Pia J. North | | | |
| DATE<br>February 15, 2013 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Pia J. North | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located.  Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.  There also may be lawsuits concerning the debtor's discharge.  If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF).  (CM/ECF captures the information on Form 104 as part of the filing process.)  When completed, the cover sheet summarizes basic information on the adversary proceeding.  The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.**  Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party**.  Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In Re:  Fletcher L. Perry
       Jacqueline R. Perry                                  Case No.  12-32997
              Debtors.                                    CHAPTER 13

Fletcher L. Perry                                             APN:  13-_____
Jacqueline R. Perry,
              Plaintiffs

v.

Citifinancial, Inc.
Ryan Seveke, Trustee under Deed of Trust
S. Ellis, Trustee under Deed of Trust
              Defendants.

**COMPLAINT OF THE DEBTORS PURSUANT TO 11 U.S.C. SECTION 506(a)
AND BANKRUPTCY RULE 3012 TO DETERMINE THE VALUE OF
SECURITY AND CREDITOR'S ALLOWED SECURED CLAIM**

    **COMES NOW** the Debtors Fletcher L. Perry and Jacqueline R. Perry by counsel, Pia J. North, and for their complaint respectfully represents as follows:

1. This is an action brought by the Plaintiffs pursuant to 11 U.S.C. § 506(a) and F.R.Bankr.P. 3012 to determine the value of the interest of the Defendants in their residential real estate and determine the amount of the Defendants' allowed secured claim.

**JURISDICTION, VENUE AND CORE PROCEEDING**

2. The Plaintiffs allege that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The Plaintiffs further allege that this Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2).

4. The Plaintiffs further allege that venue is properly laid in this district pursuant to 28 U.S.C. § 1391(b) and (c).

## **PARTIES**

5. Plaintiffs Fletcher L. Perry and Jacqueline R. Perry (hereinafter "Plaintiffs") are Debtors in Bankruptcy pursuant to 11 U.S.C. § 101(13).

6. Upon information and belief defendant Citifinancial, Inc. (Citifinancial) is the alleged current owner of a note and Deed of Trust on the Plaintiffs' property and is a creditor pursuant to 11 U.S.C. § 101(10)(A).

7. Upon information and belief Citifinancial is a non-bank consumer-finance business that can be served at the office of its President and Chief Executive Office, Mary McDowell at 300 St Paul Place, Baltimore, MD  21202.

8. Upon information and belief, defendant Ryan Seveke is a Trustee under a recorded Deed of Trust for defendant Citifinancial, Inc.

9. Upon information and belief, defendant Ryan Seveke can be served at 6131 Harbourside Court Loop, Midlothian, VA  23112.

10. Upon information and belief, defendant S. Ellis is a Trustee under a recorded Deed of Trust for defendant Citifinancial, Inc.

11. Upon information and belief, defendant S. Ellis can be served at 6131 Harbourside Court Loop, Midlothian, VA  23112.

## **FACTS**

12. Fletcher L. Perry and Jacqueline R. Perry commenced this case on May 15, 2012 by filing a voluntary petition for relief under CHAPTER 13 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division.

13. This Court has jurisdiction over this motion filed pursuant to 11 U.S.C. § 522(f) to avoid and cancel a judicial lien held by Citifinancial on real property used as the Debtors'

residence, under 28 U.S.C. § 1334.

14. The Debtors own real estate situated in Amelia County, Virginia more commonly known as 12500 Perry Lane, Amelia, Virginia by way of Deed recorded in the Circuit Court of the County of Amelia in Book 170 Page 284.  The legal description of that property is as follows:

**The following described real estate, to-wit:  all of that certain parcel or tract of land, with all improvements thereon and appurtenances thereto, lying in Jackson District, Amelia county, Virginia, containing 8.66 acres, more or less, according to plat of survey of John R. Nunnally, Jr., certified land surveyor, dated June 14, 1974, recorded in Plat Book 5, at Page 4, in the Clerk's Office of the circuit Court of Amelia County, Virginia, to which reference is made for a more particular description of the real property herein conveyed.**

15. The Defendants are the original holders of a promissory note executed by Plaintiffs secured by a Deed of Trust (see Exhibit A).

16. At the time of the bankruptcy filing, the principal residence was worth approximately $106,000 (see Exhibit B) and was subject to a First Deed of Trust with a balance of $182,093.20 (see Exhibit C) recorded in Book 276 at Page 3619.

17. No security exists for any Deed of Trust other than the first.  All liens other than the first Deed of Trust are not "secured only by a security interest in real property that is the Debtor's principal residence."  Therefore, the Plaintiffs are not barred from modifying their rights under 11 U.S.C. 1322(b)(2).

18. Pursuant to 11 U.S.C. § 506(a), the Defendants have no allowable secured claim regarding the claim for the second mortgage loan on the subject real estate.

19. Any timely filed claim of the Defendants for the second mortgage is allowable only as an unsecured claim.

   **WHEREFORE** the Plaintiffs respectfully request of the Court as follows:

1. That this Court determines that the Defendants have no secured interest for the loan secured by the Deed of Trust on the residential real estate of the Plaintiffs;

2. That this Court order the Defendants to cancel the deed of trust on the Debtors' residential real estate pursuant to 11 U.S.C. § 506(d), immediately upon the entry of the Discharge Order and deliver the same to the attorney for the Debtors within 30 days from the date of the entry of the said order at no charge or fee for the aforesaid cancellation and delivery;

3. That this Court direct the Chapter 13 Trustee that any timely filed proof of claim of the Defendants for the note secured by the Deed of Trust be treated as an unsecured claim under the plan;

4. That the Debtors be granted all other relief as this Court may deem just and proper.

        Respectfully Submitted:
        Fletcher L. Perry
        Jacqueline R. Perry

        By:    /s/ Pia J. North
                 Pia J. North, Esq. #29672
                 North & Associates, P.C.
                 5913 Harbour Park Drive
                 Midlothian, VA  23112
                 (804) 739-3700 *telephone*
                 (804) 739-2550 *facsimile*